ANDREW LEE, PLAINTIFF-RESPONDENT, v. WALTER DU-
MANSKY AND HENRY DUMANSKY, PARTNERS TRAD-
ING AS WEST CARTERET ESSO SERVICENTER, DE-
FENDANTS-APPELLANTS.

Superior Court of New Jersey
Appellate Division

Argued June 14, 1954—Decided June 25, 1954.

Before Judges JAYNE, STANTON and HALL.

*Mr. Harvey G. Stevenson* argued the cause for appellants *(Messrs. Stevenson, Willette & McDermitt,* attorneys).

*Mr. Benedict W. Harrington* argued the cause for respondent.

The opinion of the court was delivered by

JAYNE, S. J. A. D.   It is said that a mishap never comes to pass without a cause although its specific origin and injurious path may escape human vision.   Courts are at times importuned to deduce the cause from a structure of associated factual circumstances.   The task is customarily delegated to a jury whose members functionally occupy the gap between the law in the books and the law in practical operation.

Customarily, also, the evidence supplying the factual premise is made up of lights and shadows, truth and fictional divergencies of either honest imagination or of purposeful exaggeration.   The jurors use both their eyes and ears to extract from all of the evidence the reasonable probabilities. Their opportunity to do so is recognized as superior to that of an appellate tribunal whose considerations are confined to the printed words of the record.

And so, we are admonished by *R. R.* 1:5–3, *R. R.* 2:5, to refrain from annulling the verdict of a jury as against the weight of the evidence unless it clearly and convincingly appears that the verdict was a mistaken one or materially influenced by partiality, passion, or prejudice.

We proceed to relate a narrative of facts which, we think, the jury in the present case could have reasonably and logically believed.   On the late evening of November 7, 1952, and prior thereto, the defendants were conducting as partners an automobile service station under the trade name "West Carteret Esso Servicenter," at No. 1159 Roosevelt Avenue in the Borough of Carteret where they vended automobile accessories and lubricated motor vehicles.

The building consisted principally of a salesroom and an adjacent room described as a lubritorium, in which "lifts" were installed to elevate vehicles for greasing and oiling. There was a doorway between the salesroom and the lubritorium.

At about 10:30 P. M. the defendant Walter Dumansky was engaged in lubricating a 1941 Plymouth automobile beneath the lift located nearest the doorway between the rooms. Due primarily to the age of the vehicle, Walter encountered some difficulty in the performance of his work and he decided to pound the spring of the car with a two-pound hammer to loosen the leaves of it for the introduction of oil.

The plaintiff, who was an acquaintance and customer of the defendants, entered the front door of the salesroom to purchase a package of cigarettes and arrange for the greasing of his own car. Walter interrupted his work, made the sale of the cigarettes to the plaintiff in the salesroom, and amid the conversation concerning the greasing of the plaintiff's car Walter returned to the lubritorium and resumed pounding the spring of the Plymouth car situate on the lift with the use of the hammer. The plaintiff followed to the open doorway between the rooms. While Walter was hammering the car spring in the direction of the doorway at which the plaintiff stood, a distance variously estimated to be 2½ or 4½ feet away, Walter noticed the plaintiff suddenly cover his left eye with his hand.

The plaintiff was forthwith transported to the office of a physician and then promptly to the hospital. It seems to have been assumed at the trial from the contents of a dissection report that a metallic but non-magnetic substance had forcibly penetrated the plaintiff's left eye. The eye was ultimately removed in consequence of its injury and a false eye substituted.

The theme of the plaintiff's alleged cause of action against the defendants was that in entering the premises for the purposes mentioned, he occupied the legal status of an invitee and that the defendants were remiss in their duty to

abstain from the commission of acts which might render the plaintiff's use of the premises dangerous. *Finnegan v. Goerke Co.*, 106 *N. J. L.* 59 (*E. & A.* 1929).

The texture of the explanation that the plaintiff at that hour visited the premises of the defendants for business rather than social considerations may be interwoven with some strands of doubt, but the jurors were the triers of the issues of fact. The conclusion that the metallic substance was propelled toward and into the plaintiff's eye by the hammering against the spring of the car by the defendant does not appear to us in the light of all the surrounding and accompanying circumstances to have been a specious or illogical deduction.

We therefore express the opinion that the court's delegation to the jury of the inquiry to determine the characteristics of the mishap as well as the deportment of both Walter and the plaintiff was proper.

The insistence upon which counsel for the appellant places the predominant emphasis is that in any rational aspect of the circumstances the evidence failed to reveal any culpable wrongdoing on the part of the defendant Walter Dumansky, in that the mishap was not of a nature to have been reasonably foreseen or anticipated.

This point invites a discussion of the essentiality of the element of foresight for harm in the consideration and determination of the lack of due care and proximate cause. *Evers v. Davis,* 86 *N. J. L.* 196, 203 (*E. & A.* 1914); *Strang v. South Jersey Broadcasting Co.,* 9 *N. J.* 38, 45 (1952); *Prosser, Torts, pp.* 220, 340; 38 *Am. Jur.* 665 *et seq.; Annotation* 155 *A. L. R.* 157. *Vide, Mitchell v. Friedman,* 11 *N. J. Super.* 344 (*App. Div.* 1951). Unfortunately an opportunity for us to do so is not at present available.

Suffice to state that in the proof of negligence it is not necessary to disclose that the wrongdoer ought to have foreseen the precise occurrence and to have anticipated the particular injurious consequence. *Newark & S. O. R. Co. v. McCann,* 58 *N. J. L.* 642, 644 (*E. & A.* 1896); *De Mott*

*v. Knowlton,* 100 *N. J. L.* 296 (*E. & A.* 1924); *Bacak v. Hogya,* 4 *N. J.* 417 (1950); *Mulquinn v. Lock Joint Pipe Co.,* 13 *N. J. Super.* 467, 471 (*App. Div.* 1951). Assuredly one who forcibly strikes with a hammer an object in the direction of a bystander located in close proximity might foresee that in the natural course of things and within the range of reasonable probability, the likelihood that the object or a fragment of it might thereby be propelled against the bystander to the latter's injury. Indeed, the defendants averred in their answer and urge on this appeal that the plaintiff voluntarily assumed a risk as one reasonably to be foreseen.

In the circumstances of the present case we think that the status of the plaintiff and the admeasurement of the care or the insufficiency thereof exercised by both Walter and the plaintiff or either of them were within the appropriate function and responsibility of the jury. Neither the finding of the jury in favor of the plaintiff nor the award of the damages appears to us to be manifestly fallacious or inspired by improper influences.

The judgment is affirmed.